UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL M. WALLACE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 1:11-CV-222 SNLJ |
| CLAIRE HAYDEN WALLACE, | ) |
| Defendant. | ) |

# MEMORANDUM

Plaintiff Michael Wallace brought this action against his wife, Claire Wallace, pursuant to § 570.223 R.S.Mo.. Plaintiff alleges that defendant stole his identity to open multiple credit cards in plaintiff's name and used those credit cards to incur $40,000 in charges. Plaintiff further alleges that the defendant had bills sent to her work address in order to conceal their existence. Plaintiff and defendant were married on December 21, 2006, but they separated on May 10, 2010. The defendant filed for divorce in the Circuit Court of Pemiscot County on February 21, 2011, and that matter is still pending.

Plaintiff filed this action on December 14, 2011. Although plaintiff's lawyer in this action is the same attorney representing him in the divorce action, plaintiff's divorce attorney did not call defendant's divorce attorney to advise of the lawsuit or request waiver of service. *See* Fed. R. Civ. P. 4(d)(1) ("An individual...subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced..."). Rather, the defendant was served at her place of work (a school) by a process server.

Six months passed, and defendant did not answer the complaint. Plaintiff sought and obtained a Clerk's Entry of Default against defendant (#7) on July 2, 2012. Plaintiff filed his motion for default judgment on July 13, 2012 (#10). Then, defendant filed a motion to set aside the entry of default on July 25, 2012, arguing, among other things, that she believed the service of the instant lawsuit on her had been a hoax perpetrated by her husband to pressure her to settle their divorce case (#13). Those two motions are presently pending before this Court.

The Court need not reach either motion, however, because this Court does not have jurisdiction over plaintiff's claims. Plaintiff alleges that this Court has diversity jurisdiction because (1) plaintiff is a resident of Arkansas and defendant is a resident of Missouri, and (2) the amount in controversy is well over $75,000 when the Missouri statute's damage calculation is considered.[1] *See* 28 U.S.C. § 1332.

The domestic relations exception to federal jurisdiction precludes this Court from exercising jurisdiction over plaintiff's claims. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. (1 How.) 582, 584, 16 L.Ed. 226 (1859), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). In *Kahn*, the former wife sued her former husband for breach of fiduciary duty, conversion, and fraud seeking tort damages and an accounting stemming from conduct that occurred during the parties' marriage. The district court granted summary judgment to the husband, and the wife appealed. The Eighth Circuit, however, held that the allegations were "inextricably intertwined with those issues subject to the parties' previously adjudicated dissolution proceeding," and the Court dismissed the appeal with

---

[1] Civil damages pursuant to § 570.223 R.S.Mo. are either $5,000 for each incident of identity theft or three times the amount of actual damages, whichever is greater.

instructions to the district court to dismiss the action for lack of subject matter jurisdiction. 21 F.3d at 860.

Here, according to the complaint, memoranda, and exhibits filed by the parties, it is clear that the matter at hand is inextricably intertwined with (and, indeed, the subject of) the parties' divorce proceeding. The $40,000 credit card charges were made during the marriage, and, as indicated by the discovery requests in the divorce case, they are among the matters being raised by the parties and addressed by the divorce court. "When a cause of action closely relates to but does not precisely fit the contours of an action for divorce, . . . federal courts generally will abstain from exercising jurisdiction." *Kahn*, 21 F.3d at 861. Although sounded to draft in tort, plaintiff's claims are tied so closely to matters appurtenant to the ongoing divorce litigation that subject matter jurisdiction does not lie in the federal court. *See id.*

This matter will be dismissed by separate order, and the entry of default will be vacated.

Dated this __8th__ day of November, 2012.

                                                                   _____
                                                                     UNITED STATES DISTRICT JUDGE